# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANDREW S. PEIN**
   **Petitioner-defendant,**

 v.            **Case No. 22-C-372**
                **(Criminal Case No. 18-CR-89)**

**UNITED STATES OF AMERICA**
   **Respondent-plaintiff.**

---

## RULE 4 ORDER

Petitioner Andrew Pein ("Pein") has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his 125 month sentence on robbery and firearm charges. For the reasons that follow, I summarily deny the motion and dismiss this action.

### I.

On February 27, 2018, Pein and a co-defendant, Amedee O'Gorman, robbed a drug dealer operating out of a house on the south side of Milwaukee. The two men broke into the rear entrance, with Pein carrying a shotgun and O'Gorman a 9mm handgun. Pein demanded that the dealer and the other two people inside get on the floor. The defendants robbed the dealer of about $200 in drug proceeds, bags of cocaine base and heroin, and the drug phone for the residence. Just before the two men left, they indicated that if anyone followed they would kill them. They drove away in a truck driven by a third co-defendant, Justin Gillis. No one contacted the police at that time, and about a week later the dealer was killed in an apparently unrelated homicide. (PSR ¶¶ 9-14.)

On March 6, 2018, police spoke to Gillis's girlfriend, who indicated that the defendants

had her purchase drugs from the dealer on the day of the robbery, asking her how many people were in the house; she suspected they were considering a robbery. (PSR ¶ 16.) Police then spoke to Gillis, who denied murdering the dealer but provided details about the home invasion robbery, which he said was committed by Pein and O'Gorman. (PSR ¶ 17.)

On April 24, 2018, officers executed a search warrant for O'Gorman's residence and vehicle, recovering a 12 gage shotgun, .22 caliber pistol, 9mm ammunition, and a box for a 9mm pistol. O'Gorman was arrested and admitted that he, Pein, and Gillis committed the home invasion robbery; he said it was Gillis's idea. (PSR ¶¶ 19-20.) Pein was arrested the same day, and he admitted committing the robbery with the other two. He also said that it was Gillis's idea; Gillis apparently did not want to enter the house because the dealer knew him. (PSR ¶ 21.)

The government charged Pein with Hobbs Act robbery, 18 U.S.C. § 1951, and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). Pursuant to an agreement with the government, Pein pleaded guilty to both charges. In the agreement, the government agreed to recommend a sentence within the guideline range as contemplated by the parties (141-155 months). (Case No. 18-CR-89, R. 30 at 6 ¶ 22.)[1]

I ordered a pre-sentence report ("PSR"), which determined that Pein qualified as a career offender under the sentencing guidelines, producing an imprisonment range of 262-327 months, based on his prior convictions for possession with intent to distribute and armed

---

[1]The parties recommended a base offense level of 20, U.S.S.G. § 2B3.1(a), plus 1 because the defendants stole drugs, U.S.S.G. § 2B3.1(b)(6), and minus 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 18 on the robbery count. (Id. at 5 ¶¶ 17-19.) Pein's criminal history category was VI based on a total of 19 criminal history points. (PSR ¶ 54.) Thus, under the parties' construction, the range was 57-71 + 84 = 141-155 months.

robbery.[2] (PSR ¶ 33, 88.) The PSR detailed a number of other prior convictions, including for theft, battery, criminal damage to property, disorderly conduct, cocaine possession, fleeing, and resisting/obstructing. Pein was on supervision in a number of these cases at the time he committed the instant offense, leading to revocation and a total sentence of approximately 47 months. (PSR ¶¶ 40-53.) His prior convictions and supervision status produced a total of 19 criminal history points, placing him in category VI even without the career offender designation. (PSR ¶ 54.)

Pein appeared for sentencing on November 16, 2018. The government recommended a total sentence of 125 months: 41 months on the robbery count and 84 months consecutive on the firearm count. The defense sought a concurrent sentence on the robbery count, followed by the mandatory 84 month consecutive term. On consideration of the 18 U.S.C. § 3553(a) factors, I found a total sentence of 125 months in prison sufficient but not greater than necessary. I imposed 41 months on the robbery, running concurrently with the state revocation sentences, and 84 months on the § 924(c) count, running consecutively to all other sentences. Pein took no appeal.

On March 25, 2022, Pein filed the instant § 2255 motion, raising a single claim: that he should not have been designated a career offender because Hobbs Act robbery does not qualify as a "crime of violence" under the guidelines. See Bridges v. United States, 991 F.3d 793 (7th Cir. 2021); United States v. Jerry, 996 F.3d 495 (7th Cir. 2021). "Being that I was careered, now I am seeking relief as to the career offender enhancement." (Case No. 22-C-372, R. 1 at 4.) For relief, he states: "Resentence without career offender." (Id. at 12.)

---

[2]Neither side objected to the PSR's guideline calculation.

3

## II.

Section 2255 permits a federal prisoner to attack his sentence on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." United States v. Coleman, 763 F.3d 706, 708 (7th Cir. 2014) (internal quote marks omitted). A sentence imposed based on a mistaken interpretation of the advisory sentencing guidelines does not constitute a miscarriage of justice that can be collaterally attacked. Hawkins v. United States, 706 F.3d 820, 824-25 (7th Cir. 2013).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the district court must promptly examine a § 2255 motion. If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion.

## III.

In Bridges, the Seventh Circuit held that, because Hobbs Act robbery may be committed by threatening violence against person or property, while U.S.S.G. § 4B1.2(a) requires force against the person, Hobbs Act robbery is not a crime of violence for purposes of the career offender guideline. 991 F.3d at 800; accord Jerry, 996 F.3d at 497. However, the Seventh Circuit has also held that errors in calculating the advisory sentencing guideline range do not

4

constitute a miscarriage of justice cognizable under § 2255. See Hanson v. United States, 941 F.3d 874, 877-78 (7th Cir. 2019); Coleman, 763 F.3d at 708-09; Hawkins, 706 F.3d at 823. Pein's collateral attack based on the career offender designation fails under this authority.

Pein does not raise an ineffective assistance of counsel claim, which distinguishes his case from Bridges. For the sake of completeness, I note that even if he had raised his guideline claim under the rubric of IAC, the motion would fail for lack of prejudice. While the PSR deemed Pein a career offender under the guidelines, the government in the plea agreement agreed to recommend a sentence consistent with the lower, non-career offender range contemplated in the agreement. At sentencing, the government recommended an even lower term of 125 months. On consideration of the § 3553(a) factors, I imposed 125 months, with the 41 month sentence on the Hobbs Act count running concurrently with the state revocation sentences.[3] I further stated that the sentence was based on § 3553(a) and would have been the same regardless of the guidelines. Cf. Bridges, 991 F.3d at 808-10 (holding that denial of habeas relief could not be affirmed based on lack of prejudice where the court did not correctly calculate the non-career offender range or justify the sentence by reference to the § 3553(a) factors). See also Millis v. Segal, 5 F.4th 830, 836 (7th Cir. 2021) (finding no miscarriage of justice where the court departed from the career offender range and sentenced the defendant at the bottom of the non-career offender range).

**IV.**

**THEREFORE, IT IS ORDERED** that Pein's § 2255 motion (R. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

---

[3] The term on the § 924(c) count had to run consecutive to all other sentences. Thus, Pein's sentence was, as a practical matter, essentially as favorable as the law allowed.

5

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). For the reasons stated above, Pein cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge